UNITED STATES DISTRICT COURT
NORTHEASTERN DISTRICT     STATE OF NEW YORK

UNITED STATES OF AMERICA,

                              SENTENCING MEMORANDUM OF THE DEFENDANT

-v-

                              Crim #: 1:15-CR-333

SHANE ROBERT SMITH,
a/k/a/ Robert Smith,

        Defendant.

## PRELIMINARY STATEMENT

Defendant Shane Smith was an 18 year old young man at the time of the offense.

Defendant Shane Smith entered a plea on April 15, 2016 to violation of 18 U.S.C. §§ 922 (o) and 924 (a) (2); that is, the illegal possession of a machinegun.

From the outset defendant Shane Smith has accepted full responsibility for his actions and expressed sincere remorse.

Defendant Shane Smith, from the date of his arrest, cooperated with the arresting police agencies. After his arrest he agreed to waive his Miranda rights and was interviewed with respect to his alleged offense and related underlying circumstances.

## FAMILY

Defendant Shane Smith was born on December 29, 1996 in Glens Falls, New York.

Defendant Shane Smith has resided with his grandparents Nelson and Susan Smith at 2640 County Route 12, Whitehall, New York since he was 10 years old.

Shane Smith resided with his grandparents because his father died of a drug overdose and his mother suffered from her own addiction problems (E-file Doc. # 28 Affidavit of Nelson and Susan Smith @ par. 8 and 9).

## MENTAL HEALTH

Defendant Shane Smith receives approximately $700.00 a month in Social Security Disability benefits due to his mental health impairments.

Throughout his school years defendant Shane Smith was subjected to various forms of bullying at a time when his grandparents state that bullying was not recognized as being bad or not acceptable (E-file Doc. # 28 Affidavit of Nelson and Susan Smith @ par. 11).

Defendant Shane Smith has received mental health counseling since the age of 8 for Attention Deficit Disorder, etc. and suffered as a result of the various medications that were prescribed to him (E-file Doc. # 28 Affidavit of Nelson and Susan Smith @ par. 10, 14 and 15).

## EDUCATION

Defendant Shane Smith attended the Whitehall School, having completed 11th grade, and attended the heavy equipment operation program at BOCES, Washington County, New York.

Defendant Shane Smith failed in his attempts to pass his GED examination.

## EMPLOYMENT

Due to his age of 18 at the time of his arrest, defendant Shane Smith had no significant employment history other than having worked as a laborer on local farms, having been paid minimum wage.

## PRIOR CRIMINAL RECORD

Defendant Shane Smith has two prior criminal dispositions both of which were adjudicated as "youthful offender", resulting in his record being sealed. However, they are set forth in the pre-sentence investigation report and assigned a total of 4 points i.e. 11/10/13 assault 3rd [family offense] and 6/25/14 criminal mischief 3rd [spray painting graffiti] (E-file Doc. # 25 pre-sentence investigation report @ par. 41 and 42).

Although he was sentenced to 5 years probation with respect to his conviction of criminal mischief 3rd, the instant offense resulted in a violation of his probation and he was resentenced to 1-3 years.

Prior to the instant offense Defendant Shane Smith had not been sentenced to a term of incarceration.

## ACCEPTANCE OF RESPONSIBILITY

From the outset defendant Shane Smith has accepted full responsibility for his actions and expressed sincere remorse.

Defendant Shane Smith, from the date of his arrest, cooperated with the arresting police agencies. After his arrest he agreed to waive his Miranda rights and was interviewed with respect to his alleged offense and related underlying circumstances.

## INSTANT OFFENSE

Defendant Shane Smith was an 18 year old young man at the time of the offense.

Defendant Shane Smith entered a plea on April 15, 2016 to violation of 18 U.S.C. §§ 922 (o) and 924 (a) (2); that is, the illegal possession of a machinegun.

The machine gun was provided to defendant Shane Smith by an undercover agent. The defendant's possession of the machine gun was limited to the several minutes that he actually held it in his hands in the presence of the undercover agent.

It is alleged, as set forth in the plea agreement that Defendant Shane Smith engaged in conduct in which he attempted to buy automatic weapons.

At the outset it is important to note defendant Shane Smith's initial attempts were to purchase a legal Mac 10; that is, "... the defendant confirmed that he sought to acquire a simple Mac 10 nothing fancy civi legal one..." (E-file Doc. # 18 plea agreement @ par. h & E-file Doc. # 25 pre-sentence investigation report @ par.7i and 15 & ).

Shortly after his initial social media postings, defendant Shane Smith was engaged in conversation by an undercover agent. Defendant reports that the undercover agent thereafter called him repeatedly, at all hours, encouraging him to buy automatic weapons (E-file Doc. # 25 pre-sentence investigation report @ par. 21).

It is respectfully submitted to this Court that the content of the conversations that occurred between the undercover agent and defendant Shane Smith must be looked at in the context of his age, maturity, experience and mental health issues.

Specifically, the conversation engaged in by the undercover agent with defendant Shane Smith clearly demonstrates a detachment from the reality of the defendant Shane Smith, and puffing and exaggeration on his par. When viewed in the context of defendant Shane Smith's circumstances, it becomes obvious that the statements elicited by the undercover agent clearly reflected an over simplification, exaggeration, and detachment from reality, as follows:

> a. Defendant Shane Smith brought costume jewelry, books and maple syrup as his payment to the undercover agent for the machine guns, suppressor, pistol and ammunition when they

met on August 6, 2015 (E-file Doc. # 18 plea agreement @ par. p & E-file Doc. # 25 pre-sentence investigation report @ par. 20).

b. Defendant Shane Smith, pursuant to arrangements made by the undercover agent, on August 6, 2015 met the undercover agent in a motel room on the main street in Whitehall, New York. Because Defendant Shane Smith had no car and does not drive, he walked to the hotel to make the purchase of the machine guns, suppressor, pistol and ammunition, carrying costume jewelry, books and maple syrup as his payment (E-file Doc. # 25 pre-sentence investigation report @ par. 20). Presumably he would have left the motel room with the machine guns slung over his shoulder, while walking back on Main Street in the Village of Whitehall to his grandparents' residence.

c. Defendant Shane Smith listed his interests as "…gun smithing, building bombs, guerilla warfare…" when in fact none of this was even close to being true (E-file Doc. # 18 plea agreement @ par. c & E-file Doc. # 25 pre-sentence investigation report @ par.15).

d. Defendant Shane Smith indicated "…SRA referred to a group he was forming known as the Silent Resistance Army…" He never formed such a group, nor had the friends or ability to

form such a group (E-file Doc. # 18 plea agreement @ par. g & E-file Doc. # 25 pre-sentence investigation report @ par. 22 & E-file Doc. # 28 Affidavit of Nelson and Susan Smith @ par. 17a ).

e. Defendant Shane Smith indicated "…what I am doing is gonna rock and roll it and I have a suppressor for a MAC 10 I fabbed in my shop…". In fact, defendant Shane Smith had no suppressor, had no shop, and had no ability to produce such a suppressor (E-file Doc. # 18 plea agreement @ par. i & E-file Doc. # 25 pre-sentence investigation report @ par. 17 & E-file Doc. # 28 Affidavit of Nelson and Susan Smith @ par. b).

f. "Green tip ammunition" i.e. designed to pierce body armor, can be purchased easily at location such as Walmart. Defendant Shane Smith purchased it because it "looks cool" (E-file Doc. # 25 pre-sentence investigation report @ par. 19).

g. Despite defendant Shane Smith's statements of owning and shooting all sorts of fully automatic weapons, in reality the only firearm he had access to was a 22 caliber rifle owned by his grandfather. He had never fired a fully automatic weapon (E-file Doc. # 25 pre-sentence investigation report @ par. 22 & E-file Doc. # 28 Affidavit of Nelson and Susan Smith @ par. 17c ).

    h. Despite defendant Shane Smith's statements of converting and modifying firearms into fully automatic weapons, he had never converted or modified any firearms (E-file Doc. # 25 pre-sentence investigation report @ par. 22).

    i. Despite defendant Shane Smith's statements of forming a militia army or the Silent Resistance Army, none of them, in reality, ever existed (E-file Doc. # 25 pre-sentence investigation report @ par. 22 & E-file Doc. # 28 Affidavit of Nelson and Susan Smith @ par. 17a).

It is respectfully submitted that the content of the various texts, emails and telephone conversations that the undercover agent engaged the defendant Shane Smith in were the bi product of persistent and suggestive calls made by the undercover agent to defendant Shane Smith, which were exacerbated by his age, immaturity, imagination and mental health status (E-file Doc. # 25 pre-sentence investigation report @ par. 21).

**DEFENDANT'S REMORSE**

The defendant Shane Smith has expressed his extreme remorse for having become involved in the circumstances underlying the offense (E-file Doc. # 28 Affidavit of Nelson and Susan Smith @ par.25 & 26 & E-file Doc. # 25 pre-sentence investigation report @ par. 22).

## CONCLUSION

It is respectfully submitted that the defendant Shane Smith stands before this Court as a young man who has faced many challenges during his early and formative years.

Defendant Shane Smith entered a plea to taking possession of a machine gun. As such, he is not before this Court to be sentenced for the content or ideology evidenced in his writings, although they are set forth at length in the plea agreement.

Although it is not suggested that his writings and actions are anything short of alarming, it is submitted they must be viewed in the context of his age, maturity and mental health status. As reflected throughout the pre-sentence investigation report, it appears that much of what was said by defendant Shane Smith was at the prompting of the undercover agent, and amounted to "puffing". In the end, much of what was said and done was not based in reality. The entire course of events, concluding with the defendant Shane Smith walking along Main St. in the rural village of Whitehall, New York to a motel room carrying costume jewelry, books and maple syrup as payment for 2 machine guns, a pistol, silencer and ammunition, belies believability.

Again, it is respectfully submitted to the Court that the statements made by defendant Shane Smith, as contained in the pre-plea agreement, must be viewed in this context.

SENTENCING

It is respectfully submitted, as follows:

1. Sentence; the Court should deviate from the guideline range and impose a sentence of time served followed by a period of supervised release.
2. Fines; the Court not impose a fine because the defendant is indigent.
3. Special assessment; the Court impose the Special assessment in the amount of $100.00.

Dated: August 27, 2016

                                        Respectfully Submitted,

                                        William E. Montgomery, III
                                        Attorney for the defendant
                                        15 Pearl Street, P.O. Box 414
                                        Glens Falls, New York 12801
                                        Telephone: (518) 798-6885
                                        Fax: (518) 798-5974
                                        Email:info@billmontgomerylaw.com

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed using the CM/ECF system, which send notification of such filing to opposing counsel of record.

                                        WILLIAM E. MONTGOMERY, III